IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


EVELYN PLUMMER,

        Plaintiff,

vs.                                            Civ. No. 09-444 JCH/DJS

CORNELIA WINFIELD,
DEBORAH SHIRLEY,
MARK MALDONADO,
BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF MCKINLEY,
and UNKNOWN PERSONS 1-100,

        Defendants.


**ORDER**

This matter is before the Court on Plaintiff's *Motion to Remand for Lack of Original Jurisdiction*, filed June 9, 2009 [Doc. 12]. As grounds for her motion, Plaintiff contends that her Complaint does not present a federal question, and that this Court therefore does not have jurisdiction. The Court having considered the motion, briefs, and relevant law, and being otherwise fully informed, finds that the motion is not well taken and will be DENIED.

Plaintiff initially filed suit in New Mexico's Eleventh Judicial District Court in McKinley County on April 9, 2009. *See* Complaint, attached as Exhibit A to Notice of Removal [Doc. 1]. Plaintiff's claim arose from a strip search that she underwent at the McKinley County Adult Detention Center that she claims violated her constitutional rights. Plaintiff's sole claim is a "complaint for monetary damages for personal injuries resulting from a violation of constitutional rights pursuant to the State Tort Claims Act, NMSA 1978, § 41-4-12." Complaint at 4. In alleging that the strip search violated her constitutional rights, Plaintiff cites the Fourth

Amendment to the United States Constitution as well as Section 10 of Article II of the New Mexico Constitution.  *See id.* at 4, ¶¶ 15-16.

On May 7, 2009, Defendants timely filed a Notice of Removal alleging that removal was proper "because Plaintiff's Complaint is founded, in part, on a claim or right arising under the Constitution...of the United States" and "because Plaintiff's Complaint alleges that Defendants violated Plaintiff's federal constitutional rights.  *See* Doc. 1 at 2.  Plaintiff timely filed her Motion to Remand, contending that removal was improper because her claim does not present a federal question and that she is deliberately limiting her suit to a state claim despite having a potential federal claim.  *See* Motion to Remand [Doc. 12] at 1-2.

Under 28 U.S.C. § 1441(b), federal district courts must have original jurisdiction over the action sought to be removed for removal to be proper if there is not diversity of citizenship between the parties.[1]  Under 28 U.S.C. § 1331, a federal court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States" (federal question jurisdiction).  Federal question jurisdiction exists only when "a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  As "the master of the claim," a plaintiff may choose to pursue her case in state court rather than in federal court, thereby "avoid[ing] federal jurisdiction by exclusive reliance on state law."  *Id.*

Although Plaintiff's Complaint is not a model of clarity when it comes to the basis for the relief that she seeks, one thing that is clear is that she drafted it in the manner that she did in an attempt to avoid conferring jurisdiction on the federal courts.  However, even though she named

---

[1] Because diversity of citizenship jurisdiction has not been pled and does not appear to pertain to this case, the Court focuses solely on whether it has federal question jurisdiction.

only New Mexico state law as the vehicle for her suit, and claims to have deliberately avoided making a federal claim under 42 U.S.C. § 1983, her claim on its face still requires an interpretation of the federal constitution.  It is not the vehicle that Plaintiff has used to bring her claim under that governs removability, but rather the fact that her claim is based on an alleged violation of federal law.  If Plaintiff had stated a claim only for violation of the New Mexico Constitution, or one for state law battery, such a claim would not be subject to removal.  However, by pleading a violation of the Fourth Amendment of the United States Constitution, Plaintiff has raised a question that demands interpretation of federal law, rendering her claim removable.  Thus, at this juncture, Plaintiff's motion to remand must be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion to Remand for Lack of Original Jurisdiction* [Doc. 12] is DENIED.

_____
**UNITED STATES DISTRICT JUDGE**